### In re ADVISORY OPINION OF KENTUCKY STATE BAR ASSOCIATION.

Court of Appeals of Kentucky.

Oct. 5, 1962.

Charles B. West, Henderson, for movant.

BIRD, Judge.

A law partnership was employed to prosecute a civil claim against a third class city. Subsequently one of the partners was duly elected to the office of prosecuting attorney in and for said city.

The partnership sought advice from the State Bar Association as to the propriety of continuing to prosecute the civil claim against the city. The Bar Association held that further prosecution of the claim against the city would be in violation of Canon Six of the Canons of Professional Ethics governing the practice of law in Kentucky. The partnership has asked this Court to review the "advice" of the Bar Association.

Canon Six provides as follows:

"It is the duty of a lawyer at the time of retainer to disclose to the client all the circumstances of his relations to the parties, and any interest in or connection with the controversy, which might influence the client in the selection of counsel.

"It is unprofessional to represent conflicting interests, except by express consent of all concerned given after a full disclosure of the facts. *Within the meaning of this canon, a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose.*

"The obligation to represent the client with undivided fidelity and not to divulge his secrets or confidences forbids also the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed." (Emphasis added.)

The duties of a prosecuting attorney for a city of the third class are prescribed in KRS 69.520, which reads as follows:

"The prosecuting attorney in cities of the third class shall attend all sessions of the police court and prosecute all criminal and penal cases in that court and appeals therefrom, whether for violations of the ordinances of the city or the laws of the state."

Only one question presents itself to the Bar Association and to the Court of Appeals. Does the situation present a conflict of interest?

Laying side by side the canon's definition of conflict of interest and the statute prescribing the prosecutor's duties to the city we are unable to see any conflict.

We must therefore reverse the holding of the Bar Association.