## In re ADVISORY OPINION OF KENTUCKY BAR ASSOCIATION.

Court of Appeals of Kentucky.

Oct. 25, 1974.

Joseph W. Justice, Fred B. Redwine, Pikeville, for appellant.

Leslie Whitmer, Director, Ky. Bar Ass'n., Frankfort, for appellee.

J. Bruce Miller, Louisville, John Paul Runyon, Commonwealth Atty., Pikeville, amicus curiae.

PER CURIAM.

This is a request by Herbert Deskins, Jr., the duly elected county attorney of Pike County, for a review of an opinion, No. E-66, from the Kentucky Bar Association. That opinion declares that a conflict of interest exists when a county attorney practices before the Workmen's Compensation board as a result of the possible duties imposed upon him by KRS 342.425. KRS 342.425 enables the Board to be represented by the Commonwealth or county attorney of the particular jurisdiction in an action against the Board if the Board so requests such representation. The Bar Association maintains that this potential conflict of interest requires that county attorneys be prohibited from practicing before the Board.

Amicus curiae briefs were filed by the Kentucky County Attorneys' Association and the Kentucky Commonwealth Attorneys' Association in support of Deskin's position.

Canon 6 of the Canon of Professional Ethics of the American Bar Association describes the standards to be followed by attorneys to eliminate the possibility of a conflict arising. The court has defined a conflict of interest as being:

"Within the meaning of this canon, a lawyer represents conflicting interest when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose."

The statement above came from In re Advisory Opinion of Kentucky State Bar Association, Ky., 361 S.W.2d 111 (1962). In that case the Bar said it would be unethical for a firm to retain a client who had a claim against the city when one of the firm's members was elected city prosecutor. We held in that case there was not a conflict of interest.

To have a conflict of interest there must be conflicting attorney-client relationships in existence at the time, 31 A.L. R.3d 725. As can be seen, the chance of such a relationship coming into existence is quite remote under KRS 342.425, which says:

"Upon the request of the board, the attorney general, or, under his direction, the commonwealth's attorney or county attorney of any county, shall institute and prosecute the necessary actions or proceedings for the enforcement of any of the provisions of this chapter arising within his jurisdiction, and shall defend in like manner all actions or proceedings brought against the board or the members thereof in their official capacity."

The statute creates the possibility that any of three people may be called upon to represent the Board in actions against it if it so desires. Above all else, KRS 342.425 is designed to afford a source of legal representation for the Board when the Board itself is the real party in interest. It does not contemplate or encompass the normal situation where counsel for a private party goes before the Board to seek an award for a work-related injury or disease.

Since the Board acts in a neutral capacity in adjudicating claims before it, surely the Board would not favor a county attorney's client simply because of the remote possibility that that county attorney might some day be called upon to represent the Board.

We conclude that in the normal situation of presenting a claim before the Board, a county attorney is guilty of no conflict of interest simply because he might some day be called upon to represent the Board.

The opinion of the Board of Governors of the Kentucky Bar Association is set aside and this opinion is substituted therefore.

All concur except STEINFELD, J., who dissents.